UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| QUINCY MILLS, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:11-cv-26 |
| ) | *Chief Judge Curtis L. Collier* |
| HAMILTON COUNTY SHERIFF'S DEPT.; ) | |
| RICHARD E. SHOCKLEY; RONALD ) | |
| EVANS; GENE COPPINGER, Each Sued ) | |
| in His Individual and Official Capacities; ) | |
| ) | |
|    *Defendants*. ) | |

**<u>MEMORANDUM</u>**

      Plaintiff Quincy Mills ("Plaintiff") filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 2). On July 11, 2011, the Court issued an order directing Plaintiff to file a Prisoner Account Statement Certificate along with a certified copy of his inmate trust account statement for the previous six months within thirty (30) days from the date of receipt of the order (Court File No. 3). Plaintiff was forewarned that failure to return the documents within the time required could jeopardize his case. The Order was mailed to Plaintiff at the address which he provided to the Court—the Hamilton County Jail (Court File No. 3). The Order was returned to the Court, with the following notation: "Retunned [sic] to Sender." (Court File No. 4).[1]

      Plaintiff has not notified the Court of a current address, thus, preventing the Court from communicating with Plaintiff and preventing Plaintiff from receiving and timely responding to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit

---

      [1] Upon inquiry as to why the mail was returned, the jailer advised Plaintiff was no longer incarcerated at the Hamilton County Jail.

when a plaintiff fails to prosecute his case. The Court's inability to communicate with Plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court (Court File No. 2). *See* Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). Accordingly, Plaintiff's motion to proceed *informa pauperis* **SHALL** be **TERMED** (Court File No. 1).

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**